IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,

Plaintiff,

v.

THE WALT DISNEY COMPANY,

Defendant.

Case No.  26-cv-06068-CRB

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT**

Plaintiff Joseph Reyna, proceeding pro se, filed a complaint against Defendant The Walt Disney Company ("Disney"), alleging that Disney misrepresented its livestream services. Compl. (dkt. 1). Reyna submitted an application for leave to proceed in forma pauperis ("IFP"). IFP (dkt. 4). He subsequently moved for a temporary restraining order ("TRO") to enjoin Disney from routine data deletion. Mot. (dkt. 6). The Court **DENIES** Reyna's motion for a TRO. The Court also **GRANTS** Reyan's IFP application and screens the complaint.

## I.     TEMPORARY RESTRAINING ORDER

Reyna seeks to enjoin Disney and suspend its automated deletion of electronically stored information. Mot. at 1. His motion fails to satisfy the high threshold required for a TRO.

A TRO is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689 (2008). A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The "[l]ikelihood of success

on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)).   A district court should enter a TRO only "upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 21.

Reyna's motion is dead on arrival.  He fails to justify why this must be ex parte and does not address the Winter factors.

For starters, Reyna's motion is procedurally inappropriate.  Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b)(1)(B).  In cases where notice could have been given to the adverse party, courts have recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (internal quotation omitted).  Applicants must do more than assert "that the adverse party would dispose of evidence if given notice." Id. (citation modified).  They must show that the defendant would have "disregarded a direct court order" and support the assertion by showing they have "a history of disposing of evidence or violating court orders." Id. (citation modified).

Reyna has not made such a showing.  In his ex parte certification, he says he did not give prior notice because there could be a deletion cycle before a noticed motion, he had previously sent preservation demands that have gone unanswered, and notice could have caused intentional deletion.  Mot. at 4.  That justification does not meet the standard articulated in McCord—indeed, McCord explains that such reasoning would be insufficient.

Moreover, besides irreparable harm, Reyna does not mention any of the Winter

United States District Court
Northern District of California

United States District Court
Northern District of California

factors or explain why he is entitled to extraordinary relief.  That alone is grounds for denial. See Felix Khosrovian v. D. Marin et al., 2026 WL 1508713, at *1 (C.D. Cal. Feb. 2, 2026) (failure to "meaningfully address the Winter factors" warranted summary denial).  Further, Reyna's "delay in seeking relief weighs against granting a TRO." Perez v. City of Petaluma, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021).  He purports to be aware of Disney's automated deletion cycles, even reaching out to Disney as latest as December 2025 for document preservation.  Mot. at 4.  But he only filed this action—and his request for a TRO—months later.  He does not explain why he could not have filed earlier.  Reyna's "unexplained delay in seeking relief undermines [his] claim that [he] will suffer irreparable harm in the absence of a TRO." Robinhood Markets, Inc. v. Zhu, 2026 WL 915291, at *4 (N.D. Cal. Apr. 3, 2026).

Accordingly, the Court **DENIES** Reyna's motion for a TRO.  The Court notes, however, that if Disney has engaged in any spoliation despite Reyna's preservation letters, then it may be subject to sanctions. Katzman v. Los Angles Cnty. Metro. Transportation Auth., 2015 WL 13861765, at *9 (N.D. Cal. Mar. 26, 2015) ("Evidence of spoliation may be grounds for sanctions, including an adverse inference instruction.").

## II.   IN FORMA PAUPERIS AND SCREENING

The Court **GRANTS** Reyna's application for leave to proceed IFP.  The Court also screens the complaint as discussed below.

IFP applications are governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a).  When a district court grants IFP status, the court must screen the complaint and dismiss the action if it is frivolous.  See id. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126– 27 & n.7 (9th Cir. 2000).  If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P.

4(c)(3).

The Court grants Reyna's IFP application based on the lack of financial resources documented in the affidavit accompanying the application. See IFP. The Court screens Reyna's complaint and dismisses his third count. That claim is based on California's Automatic Renewal Law ("ARL"). But "the ARL does not create a private right of action." Wahl v. Yahoo! Inc., 2018 WL 6002323, at *1 (N.D. Cal. Nov. 15, 2018). Accordingly, the Court dismisses the claim with prejudice.

The Court orders the Clerk of Court to carry out service of process on Disney and mail a copy of this order to Reyna at the address he has provided on the docket.[1]

**IT IS SO ORDERED.**

Dated: June 22, 2026

CHARLES R. BREYER
United States District Judge

---

[1] Reyna's motion for service (dkt. 10) is **DENIED** as moot as the Court is already directing service. The Court also **GRANTS** Reyna's motion for electronic case filing (dkt. 8).